Dear Mr. Upton:
On behalf of the Red River Waterway Commission (the "Commission") you have requested the opinion of this office regarding the applicability of the Louisiana Public Bid Law La.R.S. 38:2181 et seq.) and Public Lease Law La.R.S. 42:1211 et seq.) to two proposed lease agreements and one property purchase between the Red River Port Commission ("Red River Commission") and ISG Resources, Inc. ("ISG"). The initial lease agreement provides that the Red River Commission will lease a tract of land adjoining the Red River to ISG who will then build a fly ash barge loading facility (the "Fly Ash Project") pursuant to plans and specifications approved by the Red River Commission.
Upon completion of the fly ash barge-loading facility the Red River Commission will purchase the barge loading facility from ISG. The money to purchase the facility will come from the Red River Waterway Commission pursuant to a cooperative endeavor agreement entered into between the Commission and the Red River Commission. ISG will then lease the fly ash barge loading facility from the Red River Commission for a lengthy term, estimated to be 20-40 years.
The Red River Port Commission was organized pursuant to La.R.S.34:3166-3172. The Red River Commission is given the power to contract, lease or otherwise administer property within its jurisdiction pursuant to La.R.S. 34:318. La.R.S. 34:3168 grants the Red River Commission broad and sweeping powers to further the interests of the port. Section 3168 provides as follows:
 "The commission shall have authority to construct or acquire and equip wharves and landings, and other structures useful for the commerce of the port area Title to all property and improvements thereon operated by the commission shall vest in the state of Louisiana.
 The commission shall have authority to make and enter into contracts, leases, and other agreements with railroads, trucking companies, barge lines, and with any and all companies interested in the transportation, storage, and shipping of goods and other products, whether by rail, truck line, barge line, ocean going vessels, or otherwise for the use of facilities administered by the commission or any part or portion thereof for a period not exceeding forty years. No exclusive franchise, however, shall be granted to any carrier."
Specifically, you are interested in whether the proposed lease and property acquisition contracts between the Red River Commission and ISG Resources Inc. would qualify as industrial inducement contracts pursuant to La.R.S. 33:4717.2 and, if so, would the contracts be excepted from the Public Lease and Bid Laws.
There are no constitutional or statutory provisions that prescribe specific procedures with which a political subdivision of the State of Louisiana must comply in the acquisition of property. The above statute expressly authorizes the Red River Commission to construct and acquire structures useful for commerce in the area. Such authority carries with it the implied authority to negotiate contracts consistent with its purposes.
Generally, the lease of public property and/or the letting of public contracts by political subdivisions are governed by the Public Lease and Contract Laws (LSA-R.S. 41:1211 et seq., and 38:2211, et seq., respectfully). However, these general legislative enactments must be read together with those legislative enactments relating to the establishment of the Red River Commission. Martin v. Louisiana Stadiumand Exposition District, 349 So.2d 349 (La.App. 4th cir. 1977), Rehearing denied.
The statute creating the Red River Commission does not specifically address the issue of whether lease contracts can be privately negotiated or must be publicly bid. Rather, it appears to give the board of commissioners' broad authority to execute leases to public carriers and to construct public works through contracts with third parties.
Louisiana Courts have recognized exceptions to the Louisiana Public Lease Law La.R.S. 42:1211 et seq.) and Bid Law La.R.S. 38:2181 et seq.) to agreements entered into by public bodies pursuant to express constitutional or statutory provisions. Kliebert v. South Louisiana Portcommission (La.App.), 182 So.2d 814 (1966); Wright v. Lake Charles Harborand Terminal Dist., (La.App.), 188 So.2d 449 (1966); Hebert v. PoliceJury of West Baton Rouge Parish, 200 So.2d 877 (La.App. 1st Cir. 1967).
La.R.S. 33:4717.2, authorizes a "political subdivision", such as the Red River Parish Port Commission, for industrial inducement purposes, to sell, lease, or otherwise dispose of, by suitable and appropriate contract, to any enterprise locating or existing within, outside of, or adjoining to such political subdivision, all or part of an industrial plant site, building, port, harbor, or terminal facility, or other property owned by the political subdivision.
The authority granted by La.R.S. 33:4712.2 is "in addition to the authority granted by other laws." That language has been found to be an express statutory provision such as to render the public bid laws inapplicable to industrial inducement contracts executed pursuant to La.R.S. 33:4717.2. See Hebert v. Police Jury of West Baton RougeParish, 200 So.2d 877 (La.App. 1st Cir. 1967); Adams Industries Inc. v.City of Monroe, et al., 385 So.2d 896 (La.App. 2d Cir. 1980), rehearing denied and JTS Realty Corp v. City of Baton Rouge, 499 So.2d 274
(La.App. 1st Cir. 1986) writ denied, 503 So.2d 19 (La. 1987). Attorney General Opinion Nos. 89-653 and 98-358.
In Opinion No. 89-653 our office opined that the Madison Parish Port Commission, desiring to lease property to a specialized industry in accordance with the purposes for which the Commission was organized, did not have to comply with the Louisiana Public Lease Law but instead could consummate the lease by private negotiation after notice pursuant to the general industrial inducement statute. La.R.S. 33:4717.2.
In Opinion No. 98-358 our office opined that the Town of Colfax could sell and lease property it owned for industrial inducement purposes in accordance with La.R.S. 33:4712.2, and that the sale and lease would be excepted from the provisions of the general statutes regarding the sale or lease of public property.
It is the opinion of this office that the Public Bid Law does not dictate the method which must be used by the Red River Port Commission in the purchase of immovable property but does require an affidavit of disclosure pursuant to La.R.S. 38:2213.
It is also the opinion of this office that the provisions of the Public Lease and Bid Laws are not applicable to industrial inducement contracts entered into pursuant to La.R.S. 33:4717.2. The leasing of port facilities under the facts and circumstances related to us in your opinion request would qualify as a industrial inducement contract and, if executed in accordance with the provisions of La.R.S. 33:4717.2, would be excepted from the Louisiana Public Lease and/or Public Bid Laws.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ RICHARD L. McGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Released: October 10, 2002